Directory: J:\JudgeSharp\Rak\100093m












Opinion issued May 26, 2011.



In The

Court of Appeals

For The

First District of Texas

————————————

NO.
01-10-00093-CR

———————————

Devin Lamont Joseph, Appellant

V.

State of Texas, Appellee



 



 

On Appeal from the 182nd District
Court

Harris County, Texas



Trial Court Case No. 1164494

 



 

MEMORANDUM
OPINION

A jury convicted appellant, Devin Lamont Joseph, of aggravated sexual
assault of a child and assessed his punishment at twenty years’ confinement.[1]  In his sole point of error, appellant
complains that the evidence is factually insufficient to support his
conviction.  We affirm. 

Background

The
twelve-year old complainant, J.J., testified that she and her step-sister, Alycia,[2] slept over at their Aunt Yashica Joseph’s[3] boyfriend’s apartment
following a party there earlier that evening.[4]  Appellant had been staying at this apartment
for a few weeks.  J.J. and Alycia slept on the loveseat in the living room, appellant
and two boys slept on the living room floor, and a third boy, Royal, slept on
the couch.  Yashica
and her boyfriend slept in the apartment’s only bedroom. 

J.J. testified that she was awakened during the night by someone touching her inappropriately and upon opening
her eyes, realized that it was appellant. 
Appellant, who was lying on the floor next to the loveseat, had placed
his hand under her underwear and penetrated her vagina with his finger.  J.J. pushed appellant and ran away.  When she began to cry, Royal took her to the
bedroom, where she told Yashica what had happened and
spent the rest of the night.  The
complainant testified that when she arrived home early the next morning, she
told her parents what had happened and they reported the incident to the
police.  Appellant was arrested at the
apartment shortly thereafter.[5]


Yashica Joseph
testified that the complainant was in tears when she and Royal knocked on the
bedroom door in the early hours of the morning. 
The complainant told her that appellant touched her between her legs and
on her buttocks and tried to kiss her.  Although
Royal initially testified that he only observed the complainant’s covers moving
during the night, on cross-examination he admitted that he had previously told
a deputy that he saw appellant’s hand under the covers and had peeked under the
covers and saw appellant touching the complainant and saw her push appellant
away.  Royal explained that he had lied
to the police because he was trying to look out for the complainant.

Dr. Reena
Isaac, a forensic child abuse pediatrician at Texas Children’s Hospital, and
Giselle Malone, a sexual assault nurse examiner, also testified.  According to the complainant’s medical
records, the complainant was given a sexual assault examination by Dr. Emily
Rosenfeld and Malone shortly after the incident.  The complainant told Malone and a social
worker that appellant had inserted his finger into her vagina.  Malone testified that she noted a notch on
the complainant’s hymen, a tear in the peritoneum area, and bruising on the
complainant’s ano-genital area during the physical
examination.  Dr. Isaac and Malone both
testified that these injuries are consistent with the complainant’s claim of
digital penetration but admitted
on cross-examination that other types of blunt force trauma could cause genital
bruising.

Appellant testified that he had
slept through the night and was shocked when police informed him why he had
been arrested.  Appellant claimed that he
barely knew the complainant and he adamantly denied ever touching her
inappropriately.

Discussion

Appellant
complains that the evidence is factually insufficient to support his conviction
under Clewis v. State and its progeny.  922 S.W.2d 126 (Tex. Crim.
App. 1996).  The Court of Criminal
Appeals overruled Clewis in its recent decision in Brooks v. State.  323 S.W.3d
893, 895 (Tex. Crim. App. 2010).  As a result, we now apply
the Jackson v. Virginia, 443 U.S. 307, 320, 99 S. Ct. 2781, 2789 (1979)
sufficiency standard of review to complaints styled as legal or factual
sufficiency challenges concerning the elements of a criminal offense.  See Ervin v. State,
331 S.W.3d 49, 52–56 (Tex. App.—Houston [1st Dist.] 2010, pet. ref’d) (citing Brooks,
323 S.W.3d at 894–913).  

Under the Jackson standard,
evidence is insufficient to support a conviction if, considering all the record
evidence in the light most favorable to the verdict, no rational fact-finder
could have found that each essential element of the charged offense was proven
beyond a reasonable doubt.  See
Jackson, 443 U.S. at 317, 319, 99 S. Ct. at 2788, 2789; Laster
v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).  It is the function of the trier
of fact to resolve any conflict of fact, to weigh any evidence, and to evaluate
the credibility of any witnesses.  See
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim.
App. 1999).  We therefore resolve any
inconsistencies in the evidence in favor of the verdict and “defer to the
jury’s credibility and weight determinations.” 
See Marshall v. State, 210 S.W.3d 618,
625 (Tex. Crim. App. 2006).  This
deferential standard applies equally to circumstantial and direct
evidence.  Laster, 275
S.W.3d at 517–18.  As the determiner of the credibility of the
witnesses and the weight to be given to their testimony, the factfinder may choose to believe all, some, or none of the
testimony presented.  See Margraves v. State, 34 S.W.3d 912, 919
(Tex. Crim. App. 2000).

Appellant
contends that the only evidence in support of the verdict was the complainant’s
testimony, which appellant argues “was somewhat vague as to what Appellant
allegedly did.”  The complainant
unequivocally testified that appellant inserted his finger in her vagina.[6]  The state’s medical expert and the nurse who
examined the complainant both testified that the injuries sustained were
consistent with the abuse she described. 
As the sole factfinder, the jury was entitled
to believe the testimony of the complainant, the medical experts, and Royal’s
testimony that he saw appellant touching the complainant, and to disbelieve
appellant’s claims of innocence.[7]  Margraves,
34 S.W.3d at 919. 
From this evidence a rational trier of fact could have concluded, beyond a reasonable
doubt, that appellant committed the offense of aggravated sexual assault of a
child.  Therefore, we overrule
appellant’s sole point of error.

Conclusion

We affirm the judgment of the trial court.

 

 

 

 

                                                                   Jim Sharp

                                                                   Justice


 

 

Panel consists of Chief Justice Radack and Justices
Sharp and Brown.

Do not publish.  Tex. R.
App. P. 47.2(b).











[1]           Tex. Penal Code Ann. § 22.021 (a)(1)(B) (West 2003).





[2]           Alycia is appellant’s biological daughter.





[3]           Yashica is appellant’s sister.





[4]           The
complainant was eleven years old at the time of the incident. 





[5]           The
Harris County deputy who arrested appellant testified that he swabbed
appellant’s hands for possible DNA evidence. 
The forensic DNA examiner who analyzed those swabs testified that all
four of the swabs contained DNA from more than one individual and, although the
complainant was excluded as a contributor on three of the four samples, the fourth
sample was inconclusive.





[6]           The
complainant’s testimony, standing alone, is sufficient to support appellant’s
conviction.  Jensen v. State, 66 S.W.3d 528, 534
(Tex. App.—Houston [14th Dist.] 2002, pet. ref’d)
(stating testimony of victim, standing alone, even if victim is a child, is
sufficient to support conviction for sexual assault under Jackson’s legal
sufficiency standard); see also Carty v. State, 178 S.W.3d 297, 303 (Tex. App.—Houston [1st Dist.]
2005, pet. ref’d) (same; applying pre-Brooks factual sufficiency standard).





[7]           Appellant
testified that he had four prior felony convictions, including two convictions
for forgery, one conviction for attempted possession
of a prohibited substance in a correctional facility, and one conviction for
theft from a person.  Tex. R.
Evid. 609(a) (stating that
one may impeach witness credibility with evidence of a conviction for felony or
crime of moral turpitude).